PATRICK D. ROBBINS (CABN 152288)
First Assistant United States Attorney
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

MICHAEL G. LAGRAMA (CABN 252734)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-436-7241
    FAX: (415) 436-7234
    Michael.Lagrama@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MAURICE POWELL JR.,<br><br>    Defendant. | CASE NOs. 3:19-cr-00387 and 3:23-CR-00227-WHO<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Sentencing Date: January 16, 2025<br>Sentencing Time: 1:30 p.m. |

I. **INTRODUCTION**

    Defendant Maurice Powell Jr. was indicted on one count of Felon in Possession of a Firearm in violation 18 U.S.C. § 922(g)(1). The defendant pled guilty to that single Count in the Indictment, but later moved to withdraw the plea agreement in light of the Ninth Circuit's recent decision in *United States v. Gomez*, 115 F.4th 987 (9th Cir. 2024), contending that a lower Guidelines sentencing range applied. Over the government's objection, the Court granted the motion to withdraw. The defendant then pled open to the single charge in the Indictment.

    The United States respectfully maintains that *Gomez* does not apply for the reasons stated in the opposition to the motion to withdraw the plea agreement. Nevertheless, based on the particular facts in

this case, the United States concurs with Probation's recommendation that the defendant be sentenced to 37 months because this sentence is sufficient but not greater than necessary to achieve the sentencing objectives in 18 U.S.C. § 3553(a).  While the defendant has repeatedly possessed a firearm, his recent educational and rehabilitative efforts are commendable and significant.  His efforts indicate that he has turned a new leaf and is committed to being a law-abiding and productive member of society.

Therefore, in accordance with the sentencing objectives in section 3553(a), the defendant should be sentenced to 37 months followed by 3 years on supervised release and be ordered to forfeit the firearm and ammunition found in his possession.  This sentence should also be served concurrent with the sentence imposed for his Form 12 violation for the same conduct.[1]

## II. BACKGROUND

### A. Circumstances of the Offense

On or about June 2, 2023, in the area of Potrero Avenue and 16th Street in San Francisco, California, in the Northern District of California, the defendant possessed a loaded firearm (one black Smith and Wesson M&P Shield model, a 9mm pistol bearing serial number JNC4029, with one round of 9mm ammunition inside the chamber, and a magazine loaded with seven rounds of 9mm ammunition). At the time, the defendant was on federal probation and subject to a search condition.  Pursuant to the search condition, police officers searched his person and found the loaded firearm—described above—in his waistband.  That firearm was manufactured outside of California and was reported stolen.

### B. Criminal History

In 2011, the defendant was convicted of second-degree robbery after he and his co-conspirator brandished a firearm and rifled through the victim's pockets.  The defendant was sentenced to 68 days in jail.  In 2013, the defendant was convicted of grand theft after he kicked in the door of a residence and stole a television and laptop from the home with the assistance of three individuals.  After police officers viewed video footage of the incident, they identified the defendant as a suspect and an active member of

---

[1] The factual assertions in this brief are based on the confidential Presentence Investigation Report.

the Army Street Gang, which is based in San Francisco, California.  The defendant was sentenced to 766 days (or over two years) in jail.

In 2014, the defendant was found guilty of violating his post-release community supervision conditions for carjacking and was sentenced to 42 days in jail.  In 2019, the defendant was convicted of assault with a semiautomatic firearm under California Penal Code section 245(b) and sentenced to 7 years in state prison.  The underlying event occurred in 2015 when the defendant drove up next to the victim's vehicle and shot her in the face.  The defendant fired multiple shots at the victim and at a second person in the vehicle, and then drove off.  After serving his prison sentence, the defendant was released on state parole on April 19, 2019.  About two and a half months later, on July 2, 2019, the defendant was arrested for possessing a loaded firearm in violation of his parole conditions.  For that incident, the defendant pleaded guilty in this Court to felon in possession of a firearm and ammunition on December 19, 2019, and was sentenced to 46 months in federal prison.

After serving his federal prison sentence, the defendant was released on federal probation on November 3, 2022.  Seven months later, on June 2, 2023, the defendant was again arrested for possessing a loaded firearm, which is the basis for the present Indictment and Form 12 petition.  On February 24, 2024, while on pretrial release, the defendant was arrested by local law enforcement for kidnapping, false imprisonment, and domestic violence; however, all charges were dismissed on August 14, 2024.

### C. Procedural History

On January 25, 2023, in the Northern District of California, the defendant was indicted on one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). The Indictment contains a Forfeiture Allegation pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) pertaining the firearm and ammunition.  On June 13, 2024, the defendant pled guilty to the single count in the Indictment, Felon in Possession of a Firearm 18 U.S.C. § 922(g)(1).  The defendant later moved to withdraw the plea agreement in light of the Ninth Circuit's decision in *Gomez*.  Over the government's objection, the Court granted the motion to withdraw the plea agreement.  The defendant then pled open to the single charge in the Indictment.

**D. Sentencing Guidelines Calculation**

Over the government's objection, the U.S. Probation has issued the following advisory Guidelines calculation:

| | | | |
|---|---|---|---|
| a. | Base Offense Level, U.S.S.G. §2K2.1(a)(6) | | 14 |
| b. | Stolen Firearm Enhancement U.S.S.G. §2K2.1(b)(4) | | +2 |
| c. | Acceptance of Responsibility, U.S.S.G. §§ 3E1.1(a), (b) | | -3 |
| d. | Final adjusted offense level | | 13 |

U.S. Probation also determined that the defendant has a total of 10 criminal history points (Criminal History Category V) and is subject to a Guidelines sentencing range of 30 to 37 months. U.S. Probation recommends that the defendant be sentenced to 37 months followed by 3 years on supervised release. Although the United States maintains that *Gomez* does not apply to this case and that the proper Guidelines sentencing range is set forth in the withdrawn plea agreement, the United States ultimately agrees with Probation's 37-month sentence recommendation. Additionally, the United States recommends that this 37-month sentence be served concurrent with the sentence imposed for the defendant's Form 12 violation, which is based on the same conduct.

**III. DISCUSSION**

**A. Legal Standards**

The Court should impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also* 18 U.S.C. § 3553(a). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the advisory Guidelines. *Id*.

After determining the appropriate advisory Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness considering the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93. Under Section 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1)   The nature and circumstances of the offenses and the history and characteristics of the defendant;

(2)   The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)   The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4)   The need for the sentence imposed to protect the public from further crimes of the defendant; and

(5)   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**B.     Sentencing Recommendation by the United States**

The United States recommends that the Court impose on the defendant a sentence of 37 months followed by 3 years on supervised release and order him to forfeit the firearm and ammunition found in possession.

        **1.     Nature and circumstances of the defendant's offense and his history and characteristics**

Given the defendant's criminal record, especially his prior conviction for assault with a semiautomatic firearm, his latest possession of a firearm while on supervised release posed a danger to public safety. Indeed, the defendant's four convictions as an adult show his pattern of violence, firearm possession, and/or gang activity. The defendant committed strong-arm robbery (for which he was convicted of second-degree robbery in 2011), forcible home invasion and burglary (for which he was convicted of grand theft in 2013), attempted murder (for which he was convicted of assault with a semiautomatic firearm in 2019), and possession of a loaded firearm as a felon (for which he was convicted in this Court in 2019). He now stands before this Court for sentencing because, while on federal supervised release, he again possessed a loaded firearm on June 2, 2023. That loaded firearm was at his waist and ready for use while he was walking around on the streets of San Francisco, where he has a history of involvement in the Army Street Gang.

The defendant's conviction for assault with a semiautomatic firearm under California Penal Code section 245(b) remains particularly concerning. While he committed the underlying act in 2015, his actions were particularly callous because he shot at two people at close range, shooting one person in the face, and he did so in a premediated and deliberate manner.

The defendant's willful and repeated disregard of his supervision conditions, in conjunction with his penchant for possessing a loaded firearm, further raise public safety concerns. Indeed, after being released from state prison on April 19, 2019 (after serving a 7-year sentence), the defendant violated his state parole conditions about two and a half months later by possessing a loaded firearm on July 2, 2019. The defendant then repeated his pattern of flouting supervision conditions and possessing a loaded firearm. After being released from federal prison on November 3, 2022 (after serving a 46-month sentence), the defendant again violated his supervised release conditions seven months later by possessing a loaded firearm on June 2, 2023. Thus, in the less than 11 months total that the defendant has been in the community since April 19, 2019 (when he was released from state prison), he has violated his supervision conditions by twice by possessing a loaded firearm, among other violations.

Further, after the defendant was granted pretrial release in this case, he apparently kidnapped and forcibly beat his girlfriend. As a result, the local law enforcement arrested the defendant for kidnapping, false imprisonment, and domestic violence on February 24, 2024. While these charges were dropped, the underlying allegations of severe domestic violence are particularly troubling.

However, the defendant has significant mitigating factors. The defendant had a difficult upbringing, as he was physically abused and witnessed his mother being abused by men. The defendant grew up without a positive male role model and, as a young man, turned to gang activity and drugs to deal with his trauma. Despite his difficult upbringing, the defendant appears to have tried to maintain gainful employment in the community.

The defendant's latest achievements while in jail are particularly impressive and show that he has turned a new leaf. While in jail, the defendant has completed a comprehensive educational and training course in the construction and labor trade with the goal of joining a union when he is released from custody. The defendant now helps to teach new students who are enrolled in the same construction and labor course. In his spare time, the defendant works in the jail's kitchen and pressure washes the floors in the jail. The defendant's latest educational and rehabilitative efforts show that he is committed to being gainfully employed when he returns to the community. When released, the defendant intends to not live in San Francisco, where has gotten into trouble, and instead to make a fresh start by living

somewhere else. The defendant's actions and plans show that he has gained insight into his actions and is on the right track.

Accordingly, given the circumstances of his offense and history and characteristics, the defendant should receive a sentence of 37 months.

### 2. Need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense

A 37-month sentence also reflects the seriousness of the defendant's repeated offense for unlawful possession of a firearm and promotes respect for the law. Further, a 37-month sentence constitutes just punishment because it ensures that the defendant is held accountable for disregarding the law and the terms of his probation.

### 3. Need for the sentence to afford adequate deterrence to criminal conduct

Imposing at 37-month custodial sentence on the defendant also promotes specific deterrence because the defendant is unlikely to repeat his misconduct because he would like to have a positive future in the community. It also promotes general deterrence because three years in custody is a significant time.

### 4. The need for the sentence imposed to protect the public from further crimes by the defendant

A 37-month custodial sentence is, moreover, warranted to protect the public from further crimes by the defendant because the sentence will ensure that, for a significant period, he is not in the community in possession of a firearm, particularly in light of his violent conduct or domestic violence when he was granted pretrial release in this case.

/ / /

/ / /

/ / /

# CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court sentence the defendant to 37 months followed by 3 years on supervised release and order him to forfeit the firearm found in his possession.

DATED: January 8, 2025

Respectfully submitted,

PATRICK D. ROBBINS
First Assistant United States Attorney
Attorney for the United States, Acting Under Authority Conferred by 28 U.S.C. § 515

*/s/ Michael G. Lagrama*
MICHAEL G. LAGRAMA
Assistant United States Attorney